UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>vs.<br><br>ARYANNA LYNN GUZMAN,<br>Defendant | 4:23-cr-40017<br><br>MEMORANDUM<br>AND ORDER |

Defendant has filed a pro se motion to reconsider her sentence, although she did not specify any rationale permitting the Court to do so. (Doc. 40). Subsequently, she filed a supplement to her motion. (Doc. 43). For the following reasons, the Court denies reconsideration of Defendant's sentence.

**BACKGROUND**

Defendant was convicted of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a) and 846. These offenses were part of an in-state, interstate, and international conspiracy to distribute methamphetamine.

Defendant's base offense level was 32, reduced to 29 for acceptance of responsibility. (Doc. 34). The Court found that her criminal history points placed her in Category IV which resulted in an advisory Guidelines sentence of 121-151 months. (Doc. 37-1, PgID 132). A mandatory minimum sentence of 120 months applied. The Court imposed a sentence of 121 months. (Doc. 37).

## DISCUSSION

Ordinarily, a court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582. The statute creates an exception for a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission…". Id. § 3582(c). In such a situation, the court engages in the two-step procedure set forth in *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). That procedure requires a determination whether the applicant qualifies for relief under § 3582(c), followed by ascertaining the pertinent guideline range. *Id.*

A recent Amendment to the Federal Sentencing Guidelines, Amendment 821, reduces the "status points" a defendant may have received because the offense was committed while under any "criminal justice sentence," including imprisonment, probation, or supervised release. U.S.S.G. § 4A1.1. The Defendant did not receive any "status points," although there was some discussion of whether any would apply. (Doc. 34, 31). Therefore, relief under this section of the Amendment is not available.

The second aspect of Amendment 821 appears at § 4C1.1, which addresses a possible reduction in offense level of certain offenders who have zero criminal history points. U.S.S.G. § 4C1.1. The Defendant did not have zero criminal history points, so this section does not apply to her.

In her supplement to her motion, Defendant indicates she expects a sentence reduction in the coming months. If the Government makes such a motion pursuant to F. R. Crim. P. 35, the Court will consider it at that time.

Accordingly, IT IS ORDERED that Defendant's motion for reduction in sentence and supplement, (Doc. 40, 43), are denied.

Dated this 25th day of June, 2024.

BY THE COURT;

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

*Matthew Thelen*

3